ELIZABETH W. BLAKE AND OTHERS, EXECUTORS, ETC., APPELLANTS, *v.* ELIZABETH W. BLAKE AND OTHERS, RESPONDENTS.

*Will — when persons acting as executors and as trustees are entitled to double commissions — when a formal decree transferring the property to them as trustees is unnecessary — expenses and management of the trust — when they must be wholly borne by the tenants for life.*

APPEAL from a decree of the surrogate of Richmond county, rendered upon an accounting of the plaintiffs and appellants.

Two questions were presented by the appeal. Anson Blake died in May, 1868, leaving a last will and testament by which he bequeathed certain legacies payable at once and absolutely. By the tenth clause of the will he devised and bequeathed to his executor "all the rest, residue and the remainder of my estate real and personal," in trust to divide the same into five parts "as equal in value as may be." The executors were directed to receive the rents, issues and profits of the residuary estate "so to be divided as aforesaid," and after paying thereout all costs, charges and expenses of management and all taxes, to apply the net income and profits of

one of said shares to each one of five designated children of testator. Ten per cent of the net income was to be annually reserved for charitable purposes, to be distributed in accordance with a scheme of the testator to be carried out by the executors, and if no designation of a charitable purpose was made under the plan devised in the will, then the executors other than his wife and son were to dispose of this fund.

The children of the testator were authorized to dispose of their shares by will, and if they did not the share went to the children of deceased children, and if there were none, then to the surviving children and the children of deceased children to take parents' share.

The testator's will was proven in June, 1868. There has never been any separation of the estate into the five equal shares, but the estate has been kept in one body and the income divided and distributed as if the estate had been so divided.

The executors were further authorized to sell the residuary estate, to reinvest the proceeds, to buy in property mortgaged, to execute conveyances, to keep the estate insured, to pay taxes and assessments and expenses out of the income, to keep accurate accounts and to render a copy annually to each of the children and the widow.

There have been repeated settlements of the estate before the surrogate of Richmond county. These settlements, while they establish the amount in the executors' hands and legalized the charges made against the same, left the residue still in the executors' hands for management under the will and according to its provisions. One of the children is now dead and one-fifth of this residue is payable to the children of the deceased child. The executors claim commissions as trustees in addition to the commissions which they have received in full as executors upon the whole estate.

The court at General Term said : " The case seems to be different from the case of *Hall* v. *Hall* (78 N. Y., 535). In that case the testator gave Margaret J. Hall, his daughter, her share of the estate, payable at the age of twenty-one. The executors during the minority of this daughter were to apply the income to her support and pay over at its termination. This was one of the common incidents of the office of an executor. It is true that certain trust duties and responsibilities were incident to it, but it is usual and, so far as I can discover, has never been considered a case for a double commis-

sion. The present case is a very different one. The executors are to divide an estate, the absolute title to which at its creation is vested in no one absolutely. Certain persons have a life estate, and beyond that whatever of a present fee there may be, it is liable to be divested by death before the time for the distribution comes. In the meantime a rigid trust in and over it is created, certain charges are to be made out of income and the net proceeds annually distributed. The ordinary administration has been completed, and the amount of the residue duly determined by judicial decree. If it was necessary that an actual separation be established and a direction that the executors hold the residue as trustees, it seems that a final accounting as executors whereby the trust estate or the residue was fixed and determined does show this. There was no need of a clause in the decree that the executors should hold the same as trustees. This result followed the decree. The actual division of the estate into five parts is not necessary to initiate the trust. It was for the mutual benefit of all that the estate was kept together, and no one objected at the settlements that there was no actual division. Legally it is divided. The shares are separate and each gets his proper income therefrom. We think therefore that the executors are entitled to fees as trustees. The duties imposed on the executors are separable from those imposed upon them as trustees. (*Hurlburt* v. *Durant*, 88 N. Y., 121.) The second question is whether the expenses of management of the entire estate are chargeable solely against the income. This seems to be plain from the words of the will, "all costs, charges and expenses attending the management of my estate and all taxes and assessments" are to be paid "thereout," that is, out of the rents and income. The "net" income is to go to the children. This is the language of the tenth clause. The testator is still more emphatic in the eleventh clause: "I direct them" (the executors) "to keep all the perishable part of my estate insured * * * to make all proper repairs, and pay all taxes, assessments, rates, costs, charges and expenses properly chargeable or charged on my estate out of the income of said estate." The Jackson children are therefore entitled to the fifth, without bearing any part of the expense of management. That must all fall upon the life estate.

The decree of the surrogate must therefore be modified accordingly, with costs.

*Charles H. Glover*, for the appellants.

*Homer A. Nelson*, for the respondent Mary M. Martindale.

*A. C. Miller*, for infant defendants, Jacksons, respondents.

*John M. Bowers*, for infant defendants Daniel E. Moran.

*Anson B. Moran* and *Farley Clark*, respondents.

Opinion by BARNARD, P. J.; DYKMAN and PRATT, JJ. concurred.

Decree of surrogate modified in accordance with opinion; order to be settled by Justice BARNARD.